H266diaa

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  UNITED STATES OF AMERICA,

4           v.                              16 MJ 8150(WHP)

5  LUIS DIAZ, JR., and LUIS
   JAVIER DIAZ,
6
                Defendants.
7
   ------------------------------x
8
                                           New York, N.Y.
9                                          February 6, 2017
                                           4:00 p.m.
10

11 Before:

12              HON. WILLIAM H. PAULEY III,

13                                         District Judge

14
                         APPEARANCES
15 PREET BHARARA
        United States Attorney for the
16      Southern District of New York
   JENNIFER L. GACHIRI
17      Assistant United States Attorney

18 VINCENT FLYNN, ESQ.
        Attorney for Defendant Diaz Jr.
19
   GEORGE VILLA, ESQ.
20 JOSE QUINON, ESQ.
        Attorneys for Defendant Diaz
21

22

23

24

25

                  SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300

H266diaa

|    |    |
|----|----|
| 1  | (In open court; case called) |
| 2  | THE LAW CLERK:  Appearances by the Government. |
| 3  | MS. GACHIRI:  Jennifer Gachiri for the government. |
| 4  | THE COURT:  Good afternoon, Ms. Gachiri. |
| 5  | THE LAW CLERK:  For defendants. |
| 6  | MR. VILLA:  Good afternoon, your Honor.  George Villa |
| 7  | and Vincent Flynn for Luis Diaz, Jr., who is before the Court. |
| 8  | THE COURT:  Good afternoon to you, Mr. Flynn. |
| 9  | MR. QUINON:  Good afternoon, your Honor.  Jose Quinon |
| 10 | on behalf of Luis Javier Diaz, who is present before the Court. |
| 11 | THE COURT:  I note the presence of both defendants at |
| 12 | counsel table.  This matter is on for an initial appearance |
| 13 | before the Court. |
| 14 | Let me begin with an arraignment.  I would ask Luis |
| 15 | Diaz, Jr., to stand. |
| 16 | Are you the defendant Luis Diaz, Jr.? |
| 17 | DEFENDANT DIAZ, JR.:  Yes, I am sir. |
| 18 | THE COURT:  Have you seen a copy of the indictment in |
| 19 | this case? |
| 20 | DEFENDANT DIAZ, JR.:  Yes, I have. |
| 21 | THE COURT:  Have you discussed it with your attorney? |
| 22 | DEFENDANT DIAZ, JR.:  Yes, we have. |
| 23 | THE COURT:  Do you waive my reading of the indictment |
| 24 | word for word here in open court? |
| 25 | DEFENDANT DIAZ, JR.:  Yes. |

H266diaa

1          THE COURT:  How do you plead to the charges by the

2    United States against you in the indictment, guilty or not

3    guilty?

4          DEFENDANT DIAZ, JR.:  Not guilty.

5          THE COURT:  Very well, sir.  You may be seated.

6          Luis Javier Diaz, would you stand.

7          Are you the defendant, Luis Javier Diaz

8          DEFENDANT DIAZ:  Yes.

9          THE COURT:  Have you seen a copy of the indictment in

10   this case?

11         DEFENDANT DIAZ:  Yes.

12         THE COURT:  Have you discussed it with your attorney?

13         DEFENDANT DIAZ:  Yes.

14         THE COURT:  Do you waive my reading the indictment

15   word for word here in open court?

16         DEFENDANT DIAZ:  Yes.

17         THE COURT:  How do you plead to the charges by the

18   United States against you in the indictment, guilty or not

19   guilty?

20         DEFENDANT DIAZ:  Not guilty.

21         THE COURT:  Very well.  You may be seated.

22         So, Ms. Gachiri, what is the nature of the charges

23   against the defendant and what discovery does the government

24   have to provide to their counsel?

25         MS. GACHIRI:  So this case involves the operation of

H266diaa

1   an unlicensed money transmitting business.  The defendants

2   controlled a company in Doral, Florida known as Miami Equipment

3   that would generate false and fraudulent paperwork in order to

4   mask its movement of money from individuals and entities

5   outside the United States to bank accounts that were located in

6   the United States and elsewhere.  The company was not licensed

7   as required by the State of Florida or with fin-syn, which

8   allowed it to escape certain requirements such as filing CTRs

9   and SARS.  The defendants are also charged with a money

10  laundering conspiracy and international money laundering.

11         The discovery in this case consists primarily of 46

12  boxes that were seized from the defendants' businesses pursuant

13  to a search warrant.  Those boxes were returned to the

14  defendants prior to charging.  There are certain items of

15  outstanding discovery which --

16         THE COURT:  I am sorry.  Did you say those boxes were

17  returned?

18         MS. GACHIRI:  That's correct.  Prior to charging.

19  That is the vast bulk of discovery.  There are certain --

20         THE COURT:  I assume the government made copies?

21         MS. GACHIRI:  Yes, your Honor.

22         THE COURT:  All right.

23         MS. GACHIRI:  There are certain outstanding items of

24  discovery that the government can produce within a week,

25  including search warrant affidavits, bank records and e-mails

H266diaa

|    |                                                                          |
|----|--------------------------------------------------------------------------|
| 1  | that were seized pursuant to a search warrant.  There were               |
| 2  | other items of outstanding discovery that the government can             |
| 3  | produce within 30 days, including export and visa records.  So           |
| 4  | the government's proposal would be to produce that discovery             |
| 5  | within 30 days to allow the defense time to review that                  |
| 6  | discovery and then return here in 60 days to report back to the          |
| 7  | Court.                                                                    |
| 8  |           THE COURT:  Are there any statements by either of the          |
| 9  | defendants in custody?                                                   |
| 10 |           MS. GACHIRI:  I will report back to the Court on that          |
| 11 | point.  If there are, if statements were made in connection             |
| 12 | with their rest on December 20th, the government will produce            |
| 13 | those.                                                                    |
| 14 |           THE COURT:  Those should be produced forthwith if they         |
| 15 | exist.                                                                    |
| 16 |           MS. GACHIRI:  Will do, your Honor.                             |
| 17 |           THE COURT:  Does the government anticipate any                 |
| 18 | superseder here?                                                         |
| 19 |           MS. GACHIRI:  Not at this stage, your Honor.                   |
| 20 |           THE COURT:  Assuming this case were to go to trial,            |
| 21 | what does the government estimate the length of its case to be?          |
| 22 |           MS. GACHIRI:  The outer bound would be two weeks, your         |
| 23 | Honor, but likely closer to one.                                         |
| 24 |           THE COURT:  Thank you very much, Ms. Gachiri.                  |
| 25 |           Who wishes to be heard on behalf of the defendants?            |

H266diaa

```
 1              MR. VILLA:  Your Honor, George Villa.

 2              What we got from the government were not the actual

 3     boxes.  What the government did is they made copies of the

 4     documents in the boxes into a CD and those CDs were provided to

 5     us.  Now, we've been able to open most of them, but we do have

 6     some problems with some of the other CDs.

 7              THE COURT:  Is there one CD per box?

 8              MR. VILLA:  I am not sure, your Honor.  Everything was

 9     copied and I think they provided maybe three or four CDs.  I

10     know we were able to open two of them, but we had issues and

11     are still having issues with the other two CDs.

12              THE COURT:  Can you give me some sense of how many

13     documents we are talking about that are in these 46 boxes or on

14     these four CDs?

15              Anyone?  Perhaps the government would be in the best

16     position to know.

17              MS. GACHIRI:  I am not in a position to estimate the

18     number of gigabytes, your Honor, but it is a significant amount

19     of material.

20              MR. VILLA:  Judge, it's a lot.  Because it consists of

21     documents that were generated by the business.  It's also

22     documents of bank records, documents by the banks, and so

23     forth.  So we're talking a lot.  It also includes e-mails that

24     the defendants wrote from their company.  So we're talking

25     about a lot of documents.
```

H266diaa

1          MS. GACHIRI:  I would add that it includes debit

2     confirmations and invoices.

3          MR. QUINON:  Your Honor, Jose Quinon on behalf of Luis

4     Javier Diaz.

5          I came into the case a little bit later than other

6     counsel.  I have not received yet any of those CDs.  I look

7     forward to receiving them.  I can tell you that I think it is

8     going to be -- going through discovery will require time and

9     resources on behalf of the defendant for the following reasons:

10    The business is not -- I heard the recitation of counsel for

11    the government.  The business was an ongoing business that has

12    been in business for a long time.  It is the sale of heavy

13    equipment business that has been in place for a long time, run

14    by the family.  Additional family members work in this business

15    and have worked for a lot of years.  As part of their services

16    to clients, there were some monies that had been transmitted.

17    So there is going to be issues in relation to this case when we

18    go through the discovery what is the history with the different

19    clients and how many pieces of equipment they sold in the past.

20         It's going to get very tedious in terms of discovery

21    and we're going to have to go through all those boxes because

22    there are bank records as well.  So this really turns out to be

23    a case that is going to take some doing financially to find out

24    the movement of money of different transactions and that takes

25    time to do that.  It is forensic work that is tedious but

H266diaa

```
1    necessary to do in a case like this, but I just wanted to bring

2    that to your attention, sir.

3         THE COURT:  I am going to adopt the government's

4    schedule for discovery because I think it's a reasonable one,

5    that within seven days the government will produce the search

6    warrant applications and the other materials that were

7    described by counsel.  Certainly I think the government should

8    confer immediately with defense counsel to find out what the

9    problem is with accessing the information on some of these CDs.

10   You should get copies of the CDs to Mr. Quinon for his review.

11        With respect to the export and visa records, I think

12   you said that they could be produced within 30 days?

13        MS. GACHIRI:  That's correct, your Honor.

14        THE COURT:  Where do those records come from?  Are

15   they records of an agency of the government?

16        MS. GACHIRI:  My understanding is that certain of the

17   records will be from CBP.  It is my understanding certain of

18   the records will be from that agency but that we can produce

19   them all within 30 days.

20        THE COURT:  So assuming then that all of this material

21   is produced by the government by March 6th, how much time would

22   the defendants like to review that information in order to

23   determine what motions, if any, the defendants want to make?

24        MR. QUINON:  Judge, possibly 60 days and the reason

25   for that is going to be like I said before it is going to be
```

H266diaa

1    complex of all the transactions.  So 60 days would be what we

2    would ask for.

3         THE COURT:  Look, I will put it down for a conference

4    on April 28th.  Is that sufficient?  It's not quite 60 days

5    but...

6         MR. QUINON:  That will do, Judge.

7         THE COURT:  At that time what I would anticipate or

8    what the parties should anticipate is that you should be in a

9    position to tell me what motions, if any, you want to make

10   prior to trial.  I will set a briefing schedule for those

11   motions and I will select a trial date in the case.

12        In the meantime, if there is any issue that arises

13   regarding discovery, please communicate with me by letter

14   because I am putting it over for a significant period of time

15   and when we all get together on April 28th, I don't want to

16   hear that somebody couldn't open a CD or that somehow despite

17   the government's best efforts the export and visa records still

18   haven't been fully produced.  So if 30 days from now there is

19   not complete compliance with the government's production, I

20   want to be alerted to it so that we can move this case forward.

21        I take it both defendants reside in the Southern

22   District of Florida?

23        MR. QUINON:  Yes, your Honor.

24        THE COURT:  I have just reviewed some supplemental

25   reports from Pretrial Services and I had a question.  At least

H266diaa

1    one of the defendants holds two passports, one from Spain and

2    one from the United States.  Have both defendants surrendered

3    all their passports?

4              MR. VILLA:  Yes, your Honor, except for the one from

5    Spain.  That will be surrendered tomorrow as soon as we get

6    back.

7              THE COURT:  It will be surrendered to pretrial down in

8    Florida?

9              MR. VILLA:  Yes.  I think that is probably the easiest

10   way to do it.  The U.S. passports have been surrendered and we

11   have the receipts for those.

12             THE COURT:  Are there any other issues that counsel

13   want to raise this afternoon?

14             MR. QUINON:  Just the issue with an oral motion to be

15   admitted pro hac vice and then we'll follow up through the ECF.

16             THE COURT:  Of course.  I heard you today and of

17   course it will be my pleasure to grant the application.  I

18   grant the applications for today, but you'll file the

19   appropriate applications with the Clerk's Office and join the

20   bar of the mother court as some legal cognoscente refer to it.

21             MR. VILLA:  That will be for Mr. Flynn and myself as

22   well.

23             THE COURT:  Very well.  You can simply submit those

24   pro hac vice applications then on the docket.  I guess the

25   criminal docket was just opened.  It's bereft of useful

H266diaa

| | |
|---|---|
| 1 | information for me at the moment, but I am confident the clerks |
| 2 | will catch up in the Clerk's Office with the entries. |
| 3 | Anything further? |
| 4 | MS. GACHIRI:  The government moves for the exclusion |
| 5 | of time between now and April 28th. |
| 6 | THE COURT:  Yes.  What are the defendants' respective |
| 7 | views concerning the exclusion of time between now and |
| 8 | April 28th, 2017? |
| 9 | MR. QUINON:  We have no objection your Honor. |
| 10 | MR. VILLA:  No objection, your Honor. |
| 11 | THE COURT:  Since this continuance is due to the |
| 12 | government's need to provide the voluminous discovery to the |
| 13 | defendants and the defendants' need to review all of that |
| 14 | discovery in order to determine what motions, if any, they wish |
| 15 | to make, I perspectively exclude the time from today until |
| 16 | April 28th, 2017 from Speedy Trial Act calculations.  I find |
| 17 | that this continuance serves to ensure the effective assistance |
| 18 | of counsel and prevents any miscarriage of justice. |
| 19 | Additionally, I find that the ends of justice served by such a |
| 20 | continuance outweigh the best interest of the public and each |
| 21 | of these defendants in a speedy trial pursuant to 18, U.S.C., |
| 22 | Section 3161. |
| 23 | By the way, I will set this matter down on April 28th |
| 24 | at 2:30 in the afternoon. |
| 25 | Will that be convenient for counsel? |

H266diaa

1          MR. QUINON:  Yes, sir.  That's works.

2          THE COURT:  I understand that you are all traveling

3     from Florida.

4          MR. QUINON:  Yes, your Honor.

5          THE COURT:  So I am prepared to put it down at any

6     particular time that you want that is most convenient so that

7     you can minimize your travel dislocations.

8          MR. QUINON:  I think that is going to work out.  This

9     morning we woke up at 3:30 in the morning.  At my age I can't

10    do that too many times.

11         THE COURT:  That's the point.  So --

12         MR. QUINON:  2:30, Judge.

13         THE COURT:  2:30 is fine?

14         MR. QUINON:  Yes.

15         MR. VILLA:  Yes, Judge.

16         THE COURT:  Thank you all for coming in.

17         MR. VILLA:  Thank you, your Honor.

18         MR. QUINON:  Thank you.

19         MR. FLYNN:  Thank you.

20                              o0o

21

22

23

24

25